1
2
3
4
5

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Odis Dietrich Schlosser, | CV 14-2085-TUC-DCB (JR) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, et al., | |
| Respondents. | |

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Pending before the Court is Odis Dietrich Schlosser's ("Schlosser") Petition for Writ of Habeas Corpus (Doc. 1) filed pursuant to 28 U.S.C. § 2254. Petitioner raises one ground for relief, that his due process rights were violated because the Arizona Supreme Court declared the premeditation instruction given by the trial court to be erroneous and, therefore, he was convicted of violating a statute that was unconstitutionally vague. Doc. 3 at 1. Because Schlosser's petition is barred by the statute of limitations, the Magistrate Judge recommends that the Petition be dismissed with prejudice.

**I.      Factual and Procedural Background[1]**

Following a jury trial, Schlosser was found guilty of first degree murder.  Ex. A at 2.[2]  He was sentenced to life in prison without the possibility of parole.  *Id.*  On November 8, 2000, the Arizona Court of Appeals affirmed Schlosser's conviction.  *Id.* at 12.    The Arizona Supreme Court denied Schlosser's petition for review on March 22, 2001.  Ex. B.

On February 21, 2012, Schlosser filed a Petition for Writ of Habeas Corpus with the Pima County Superior Court which the court construed as a Notice for Post-Conviction Relief.  Exs. C, D.  Schlosser argued that his conviction and sentence should be vacated for three reasons:  (1) there was a significant change in the law regarding the premeditation instruction; (2) trial counsel was ineffective because he failed to investigate and obtain a surveillance video tape; and (3) the trial court erred when it failed to grant his motion for a mistrial after he was seen in handcuffs by one juror during a break.  Ex. F.  The trial court precluded claims two and three (*Id*. at 3-4) and found that claim one was not based on federal due process but on a state case construing the definition of premeditation (*Id*. at 6).   That claim was denied and Schlosser's petition was dismissed.  *Id*. at 7.

---

[1] The factual summary of the Arizona Court of Appeals is accorded a presumption of correctness. 28 U.S.C. § 2254(e)(1); *Moses v. Payne*, 555 F.3d 742, 746 n. 1 (9th Cir. 2009) (citing *Hernandez v. Small*, 282 F.3d 1132, 1135 n. 1 (9th Cir. 2002)).

[2] Unless otherwise indicated, all exhibit references are to the exhibits attached to the Respondents' Answer to Petition for Writ of Habeas Corpus.  Doc. 7.

1    The Arizona Court of Appeals granted review but on February 7, 2013, denied

2    relief.  Ex. G.  The Arizona Supreme Court denied review and on August 1, 2013, the

3    Court of Appeals issued its mandate.  Ex. H.

4    Schlosser filed his federal habeas petition on May 12, 2014. Doc. 1.

5    Respondents contend that Schlosser's petition is untimely and must be dismissed.

6    The Court agrees.

7    **II.     Timeliness**

8         **A.     Schlosser's Petition is Untimely.**

9    The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA")

10   provides for a one year statute of limitations to file a petition for writ of habeas

11   corpus.  28 U.S.C. § 2244(d)(1).  Petitions filed beyond the one-year limitations

12   period must be dismissed.  *Id.* The statute provides in pertinent part that:

13        (1) A 1–year period of limitation shall apply to an application for a writ
         of habeas corpus by a person in custody pursuant to the judgment of a
14        State court. The limitation period shall run from the latest of-

15        (A) the date on which the judgment became final by the conclusion of
         direct review or the expiration of the time for seeking such review;
16

17        (B) the date on which the impediment to filing an application created
         by State action in violation of the Constitution or laws of the United
18        States is removed, if the applicant was prevented from filing by such
         State action;

19        (C) the date on which the constitutional right asserted was initially
         recognized by the Supreme Court, if the right has been newly
20        recognized by the Supreme Court and made retroactively applicable to
         cases on collateral review; or

21

22

3

1

2

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

4

5

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

6

7

8

9

10

11

12

13

14

15

16

The limitation period for Schlosser's habeas petition was triggered on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Here, the Arizona Supreme Court denied review of the Memorandum Decision in Schlosser's direct appeal on March 22, 2001.  Schlosser had until June 30, 2001 to file a petition for writ of certiorari.  (A litigant has 90 days from entry of judgment by a state court of last resort in which to seek a petition for a writ of certiorari.  *Clay v. United States*, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13(1)).  Schlosser did not petition for certiorari.  One year later, on June 30, 2002, his petition for a writ of habeas corpus became time-barred.  Almost twelve years later, on May 12, 2014, Schlosser filed his federal petition for writ of habeas corpus.

17

18

19

20

21

Title 8 U.S.C. § 2244(d)(2) does allow for statutory tolling during the pendency of a state post-conviction release proceeding.  But here, by the time Schlosser filed his state Notice of Post-Conviction Relief on February 21, 2012, the statute of limitations had already run so the statutory tolling provisions do not apply.

22

4

**B.      Schlosser is not entitled to equitable tolling.**

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  A petitioner is entitled to equitable tolling of the limitations period "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011).  "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule."  *Id*.

In his Reply, Schlosser only briefly touches on the reasons for the ten year delay in filing his habeas petition.  He explains that he thought his direct appeal in state court proceedings was actually a petition under Rule 32, Ariz.R.Crim.P., and that was "the reason for the 10 year gap in filing." *Reply*, p. 3.  However, even if his confusion could somehow constitute an "extraordinary circumstance," the ten year delay establishes without question that he has not pursued his rights diligently.  As such, his untimely petition is clearly barred by AEDPA's statute of limitations.

**III.     RECOMMENDATION**

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Schlosser's Petition for Writ of Habeas Corpus (Doc. 1).

5

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen days within which to file a response to the objections.  Replies shall not be filed without first obtaining leave to do so from the District Court.  If any objections are filed, this action should be designated case number: **CV 14-2085-TUC-DCB**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (*en banc*).

Dated this 21st day of September, 2015.

Jacqueline M. Rateau
United States Magistrate Judge

6