UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|   |   |
|---|---|
| Odis Dietrich Schlosser,<br><br>    Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | CV-14-2085-TUC-DCB<br><br>**ORDER** |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 9), which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation. (Doc. 10.)

**SUMMARY**

Petitioner was convicted in Pima County Superior Court, case #CR-063443, of first-degree murder and was sentenced to imprisonment for life, without the possibility of parole. In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises one ground for relief. He alleges his due process rights have been violated because the Arizona Supreme Court has declared the premeditation instruction given by the

trial court to be erroneous and, therefore, he was convicted of violating a statute that was unconstitutionally vague. Petitioner claims he has presented this issue to the Arizona Court of Appeals and Arizona Supreme Court.

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**OBJECTIONS**

The R&R concluded that the habeas petition was time-barred by at least ten years, as follows:

> [T]he Arizona Supreme Court denied review of the Memorandum Decision in Schlosser's direct appeal on March 22, 2001... Schlosser had until June 30, 2001 to file a petition for writ of certiorari. Schlosser did not petition for certiorari. One year later, on June 30, 2002, his petition for a writ of habeas corpus became time-barred. Almost twelve years later, on May 12, 2014, Schlosser filed his federal petition for writ of habeas corpus. Title 8 U.S.C. § 2244(d)(2) does allow for statutory tolling during the pendency of a state post-conviction release proceeding. But here, by the time Schlosser filed his state Notice of Post-Conviction Relief on February 21, 2012, the statute of limitations had already run so the statutory tolling provisions do not apply.
>
> * * *
>
> In his Reply, Schlosser only briefly touches on the reasons for the ten year delay in filing his habeas petition. He explains that he thought his direct appeal in state court proceedings was actually a petition under Rule 32, Ariz.R.Crim.P., and that was "the reason for the 10 year gap in filing." *Reply*, p. 3. However, even if his confusion could somehow constitute an "extraordinary circumstance," the ten year delay establishes without question that he has not pursued his rights diligently.

(R&R at 4-5.)

Petitioner's Objections do not highlight any new or pertinent law or facts that were left unconsidered or unresolved by the R&R. More

2

importantly, they do nothing to challenge the R&R's conclusion that this habeas petition is untimely by at least ten years with no equitable or legal tolling applicable.

## CONCLUSION

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 9) in its entirety.  The Objections (Doc. 10) raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** and this action is **DISMISSED** with prejudice. Final Judgment to enter separately by the Clerk's Office. A Certificate of Appealability is likewise **DENIED**.   This action is closed.

DATED this 28th day of October, 2015.

David C. Bury
United States District Judge